884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald TRUMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-2063.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Donald Truman appeals from the judgment of the district court in favor of the Secretary of Health and Human Services (the Secretary) in this action seeking judicial review of a final determination of the Secretary pursuant to section 205(g) of the Social Security Act as amended (the Act). 42 U.S.C. Sec. 405(g). For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 Claimant was born on January 5, 1932. He worked from 1959 until 1984 as an ironworker. He has completed his G.E.D. and has an associates degree from Kellogg Community College. Claimant last worked on October 31, 1984, when he left work due to an injury to his left knee.[1]
 
 
 3
 Claimant filed an application for disability benefits on June 19, 1985, claiming that he became disabled on October 31, 1984, due to an injury to his left knee. His application was denied initially and upon reconsideration. He requested and received a hearing before an Administrative Law Judge (ALJ). The hearing was held on June 8, 1986.
 
 
 4
 At the hearing, claimant testified that he was unable to work because of pain in his lower back and left knee, cramps in his right hand and arm, and depression. Claimant stated that he was able to take care of his daily personal needs. He also stated that he hunted deer on two occasions during the previous year, spent twenty minutes mowing the lawn, and drove his car a distance of thirty-five miles twice a week. He stated that he was able to stand for only fifteen minutes and sit for two hours at a time. He lies down for several hours a day due to his impairments.
 
 
 5
 The following medical evidence was also introduced at the hearing.
 
 
 6
 In November of 1984, claimant underwent surgery to repair a torn medial meniscus of the left knee. From that time until June of 1985, claimant was treated by Dr. John C. Morgan. After noting continual improvement in claimant's condition, Dr. Morgan opined on April 8, 1985 that "we can certainly allow [claimant] to go [back to work] though light duty with a 50 lb. weight limit."
 
 
 7
 Claimant was examined by Dr. Leland L. Swenson in August of 1985. Claimant complained of pain in his left knee and back. He told Dr. Swenson that he could walk one mile and stand for forty-five minutes. X-rays of his left knee showed slight narrowing medially and slightly decreased bone density. Range of motion of the back was seventy degrees flexion, ten degrees of extension, twelve degrees of rotation on the left and ten degrees of rotation on the right. Lateral flexion was normal. Claimant had seventy-five pounds of grip strength in his right hand[2] and 120 pounds grip strength in his left. Dr. Swenson's diagnosis was internal derangement of the left knee, post-operative status lumbrosacral fusion with questionable spinal stenosis and resultant L5-S1 neuropathy, questionable beginnings of left hip joint disease, and questionable arthritis of the right wrist and hand.
 
 
 8
 Claimant was examined by Dr. Michael P. Sluss in October of 1985. Dr. Sluss evaluated the results of a nerve conduction study, an EMG study and a CT scan. Dr. Sluss concluded that claimant had possible right carpal tunnel syndrome. Dr. Sluss found evidence of right S1 radiculopathy and apparent sensory polyneuropathy of undetermined cause. The CT scan revealed no nerve root compression and the EMG was normal. Dr. Sluss recommended that claimant "avoid those heavy and repetitive activities which aggravate his back discomfort." He concluded that claimant's complaints of pain were inconsistent with the physical or radiological findings.
 
 
 9
 Claimant also presented the reports of psychological examinations conducted by Dr. David Forsythe and Dr. G.K. Bedi. Dr. Forsythe diagnosed claimant as having an adjustment disorder with anxious mood, and a personality disorder with aggressive and compulsive traits. He concluded that claimant's prognosis was good. Dr. Bedi diagnosed claimant as having reactive depression and stated that the anxiety depression would likely improve with the use of therapy and medication.
 
 
 10
 Michael Simons, a vocational expert, also testified at the hearing. The ALJ posed the following hypothetical to Mr. Simons:
 
 
 11
 If [claimant] had the residual functional capacity for light work, except that he had the limitation in the use of his right arm, which would prevent repetitive gripping, but would allow him to lift occasionally up to twenty pounds within the definition of light work. And some moderate depression. Are there entry level jobs that he could do?
 
 
 12
 Mr. Simons stated that there were such light unskilled jobs in the national economy. He listed security guard, courier and messenger, visual inspector, light maintenance, and kitchen helper jobs as examples of such work.
 
 
 13
 On September 11, 1986, the ALJ issued his opinion and made the following relevant findings:
 
 
 14
 The claimant's subjective complaint of debilitating and intractable pain is credible to the extent that he is precluded from more than a limited range of light work.
 
 
 15
 The claimant has the residual functional capacity to perform the exertional requirements of work except for walking or standing in excess of six hours of the normal workday or lifting in excess of 20 pounds. He is precluded also from work which requires repetitive gripping with his right, dominant hand. His moderate depression has not significantly limited his capacity to perform mental work functions.
 
 
 16
 The claimant has the residual functional capacity to perform a limited range of light work.
 
 
 17
 Although the claimant's exertional limitations do not allow him to perform a full range of light work, using the above-cited Rule as a framework for decisionmaking [sic], there is a significant number of jobs in the national economy which he could perform. Based upon the testimony of a vocational expert examples of such jobs are: security guard, courier, visual inspector, light maintenance, and kitchen helper. There are approximately 65,000 such jobs which exist in the regional economy.
 
 
 18
 Section 404.1569 of Regulations No. 4 and Rule 202.02, Table No. 2, Appendix 2, Subpart P, Regulations No. 4, direct that, when the claimant's residual functional capacity, age, education, and work experience are considered, he be found 'disabled' commencing July, not the first, 1986, when he is deemed to be of advanced age, even if he could perform a full range of light work.
 
 
 19
 The claimant has been under a "disability," as defined in the Social Security Act, since July, not the first, 1986, but not prior thereto.
 
 
 20
 The Appeals Council denied claimant's request for review, and the decision of the ALJ became the final decision of the Secretary. Claimant sought judicial review in the district court, which granted summary judgment in favor of the Secretary. Claimant timely appeals.
 
 
 21
 Claimant argues that the Secretary's finding that he could perform a limited range of light work[3] prior to July of 1986[4] is not supported by substantial evidence. Specifically, he argues that the hypothetical posed to the vocational expert did not properly take into account claimant's subjective complaints of pain.
 
 II.
 
 22
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining this question, we must examine the evidence in the record "taken as a whole." Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam). "Thus the court may not try the case de novo nor resolve conflicts in evidence, not decide questions of credibility." Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987).
 
 
 23
 We review claimant's allegations of disabling pain under the following standard. Initially, there must be objective evidence of an underlying medical condition. If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain. Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 24
 In reviewing the record, we conclude that the Secretary's finding that claimant was not disabled prior to July of 1986 is supported by substantial evidence. We note in particular, the conclusion of Dr. Morgan that claimant's knee had improved so that he could return to light work, Dr. Sluss's recommendation that claimant only avoid heavy or repetitive activities that aggravate his back discomfort and his conclusion that claimant's allegations of pain were inconsistent with the objective evidence.
 
 
 25
 Finally, we conclude that the ALJ correctly evaluated claimant's subjective complaints of pain, since claimant did not meet either part of the second prong of the Duncan analysis. The objective medical evidence did not confirm the severity of his complaints nor were the underlying conditions of such a severity that they would reasonably be expected to produce disabling pain. Rather, as Dr. Sluss concluded, that claimant's complaints were inconsistent with the objective evidence. Accordingly, the ALJ did not err in failing to include claimant's subjective complaints in his hypothetical posed to the vocational expert.
 
 
 26
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Claimant also left work in the early 1970's due to a back injury, which required a spinal fusion. Claimant returned to work in the mid-1970's
 
 
 [2]
 Claimant is right-handed
 
 
 [3]
 The regulations define light work as follows
 (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
 
 
 [4]
 The ALJ found claimant to be disabled as of July not the first 1986 based on an application of the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpt P, App 2 (the grids). As of July, claimant was within six months of his fifty-fifth birthday. At age fifty-five, claimant would be considered a person of advanced age and would be deemed disabled under the grids even if he could perform a full range of light work. The ALJ following the dictates of 20 C.F.R. Sec. 404.1563(a), which states that the Secretary will not apply the age categories mechanically in a borderline situation, found claimant to be of advanced age six months before his fifty-fifth birthday. Neither the Secretary nor claimant challenge this finding. Accordingly, the only issue before this court, is the Secretary's findings concerning claimant's entitlement to benefits for the period prior to July of 1986